IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Calvin Kim, et ux,                )
                                  )
         Plaintiff,               )     Case No: 1:06-cv-0103-RMC
                                  )
v.                                )
                                  )
                                  )
UNITED STATES (Government),       )
                                  )
         Defendant.               )
                                  )
                                  )

## RESPONSE TO MOTION TO DISMISS

Plaintiff(s) object(s) to and move(s) to strike/deny defendants' motion to dismiss. Based upon "recent Supreme Court jurisprudence" See: Turner v. United States,__ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), (sic) counsel's motion is a substantive and procedural nullity, is frivolous on its face, and is interposed for the sole purpose of delaying this litigation and increasing the cost and expense of this litigation.

Counsel's attempt to avoid subject matter and personal jurisdiction by misrepresenting and /or prematurely asserting that service was improper and that plaintiff(s) have not exhausted administrative remedies is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. Sanctions under Fed.R.Civ.P 11(b) should be imposed.

RECEIVED
MAY 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IMPROPER SERVICE - MISREPRESENTED

Plaintiff(s) assert that counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General…

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff to effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail…".

Counsel presents no authority which prevents plaintiff(s) from certifying that plaintiff placed the summons and complaint in the mail as required by Fed.R.Civ.P. 4(i)(1)(A). Counsel also alleges that plaintiff(s) did not serve the Internal Revenue Service. This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service.

Counsel then seeks to "sneak in" through his/her "Memo" several other bases for

dismissal that are not relevant to his/her Motion to Dismiss re: Insufficiency of Service.

## IMPROPER SERVICE - PREMATURELY ASSERTED

Plaintiff(s) filed this action on January 18, 2006. Under Fed.R.Civ.P 4(m), Plaintiff(s) must merely serve defendant "within 120 days after the filing of the complaint". Based upon the Rule, Plaintiff(s) have until May 18, 2006 to effect service. Furthermore, the Court has discretion under the Rule to "direct that service be effected within a specified time;" rather than to dismiss.

Plaintiff(s) interpreted the Rule, believing that speedy service (FedEx) equalled effective service; now aware of their error, Plaintiff(s) have this date requested the Clerk of the District Court to issue substitute summonses so that Plaintiff(s) can effect proper service. Although Plaintiff(s) expect that substitute summonses will be received - and served - well within the "120 days after the filing of the complaint", specified in Fed.R.Civ.P 4(m), Plaintiff(s) request an enlargement of time of 14 days.

## ADMINISTRATIVE REMEDIES ISSUE NONJURISDICTIONAL

This Court has recently recognized that the issue of exhaustion of the administrative remedy is nonjurisdictional. Turner v. United States, _ F. Supp.2d _, _ 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), (MEMORANDUM OPINION, p.7). In so finding, the Turner Court stated, "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim;...disputes regarding



predicate facts for the claim generally are tried to a jury."

Wherefore, plaintiff(s) request(s) that the Court strike/deny defendants' motion to dismiss.

Respectfully Submitted

Dated _May, 10,_____, 2006

*[signature]*
Calvin Kim
1750 Kalakaua BLVD. # 103
Honolulu, Hawaii 96814

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Jennifer L. Vozne
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _May 10._____, 2006

_____
Calvin Kim