IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVIN KIM & <br> CHUN C. KIM, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06cv00103 (RMC) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS**

The United States submits this reply to address one point raised by plaintiffs in their opposition to the motion to dismiss.1/  The United States otherwise relies on its motion to dismiss.

STATEMENT

This is a civil action in which plaintiffs allege that, beginning with tax year 1999, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.  Plaintiffs seek a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.  The United States moved to dismiss asserting that (1) plaintiffs failed to effect proper service and thus the Court lacks personal jurisdiction; (2) the Anti-

---

1/  Plaintiffs also assert that sanctions under Fed. R. Civ. P. 11 should be imposed.  (Pl. Opp. at 1.) Plaintiffs' request for sanctions should be denied.  Plaintiffs do not allege, nor can they, that they complied with the requirements of Fed. R. Civ. P. 11(c)(1)(A).  Further, plaintiffs' request lacks even an iota of merit.  More importantly, since the United States' motion to dismiss is well-founded in law, there is certainly no basis for requesting sanctions.

Injunction Act bars their request for an injunction; (3) plaintiffs failed to demonstrate that they fully paid the tax liabilities and filed a claim for refund and therefore the Court lacks subject matter jurisdiction over their refund claim; and (4) plaintiffs failed to demonstrate that they exhausted administrative remedies by filing an administrative claim for damages and thus the Court lacks subject matter jurisdiction over their claim for damages. Plaintiffs filed an opposition in which they asserted that (1) they still have time to effect proper service and (2) the requirement to exhaust administrative remedies is nonjurisdictional.

In support of their assertion that the requirement to exhaust administrative remedies is not jurisdictional, plaintiffs rely on Judge Bates' decision in *Turner v. United States*, __F.Supp.2d___, 2006 WL 1071852 *3-4 (D.D.C. 2006). (Pl. Opp. at 3-4.) Plaintiffs' reliance is misplaced.

First, this court is not bound by Judge Bates' decision. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United*

*States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991); *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 2006 U.S. Dist. LEXIS 14908 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

Third, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiffs failed to assert that they complied with the administrative requirements necessary to obtain a refund or damages for wrongful collection.

Fourth, even though Judge Bates held that section 7433's exhaustion requirement is not jurisdictional, he nevertheless dismissed the case for failure to state a claim.

And last, Judge Bates' decision did not deal with section 7422, which requires that administrative remedies must be exhausted before seeking a refund of taxes.

## CONCLUSION

For the reasons stated above and in the motion to dismiss, the United States requests that the Court dismiss the action.

//

//

//

//

DATE: May 19, 2006.                    Respectfully submitted,

                                           /s/ Jennifer L. Vozne
                                           JENNIFER L. VOZNE
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           Post Office Box 227
                                           Washington, DC  20044
                                           Phone/Fax:  (202) 307-6555/514-6866
                                           Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on the 19th day of May, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> CALVIN KIM
> Chun C. KIM
> Plaintiffs *pro se*
> 1750 Kalakaua Avenue, #103
> Honolulu, HI 96826

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1715320.1