# United States District Court
## IN THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Calvin Kim<br>Chun C. Kim<br>1750 Kalakaua Ave # 103<br>Honolulu, Hawaii | Case No: 1:06cv00103 (RMC)<br><br>CROSS MOTION FOR SUMMARY JUDGMENT |
| Plaintiff(s), | |
| v | |
| United States<br>Defendant. | |

Plaintiff hereby enters this Cross Motion for Summary Judgment. This Cross Motion is supported by the following:

FACTS IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT

1. Defendant has moved to dismiss the above-captioned action under Fed.R.Civ.P. 12(b), generally, citing insufficiency of service, and for lack of subject matter jurisdiction.

2. Defendant's motion is made with full knowledge that the Court has found that the basis upon which such "12(b)" motion rests fails to support a "12(b)(1)" motion; and is nonjurisdictional.

3. Defendant's motion is made with full knowledge that the Court has construed such baseless general motion as a motion under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.



RECEIVED
JUL 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4.   Defendant's motion is made with full knowledge that

"For th purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed. Rule civ. Proc. 8(f); conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957).
Jenkins v McKeithen, 395 U.S. 411, AT 421-22."

5.   Defendant's motion is made with full knowledge that the court has treated such general "12(b)" motion, construed as a motion under Fed.R.Civ.R. 12(b)(6), as a motion for summary judgment, in accordance with the rule.

6.   Defendant's motion is made with full knowledge that a motion for summary judgment is decided upon "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," under Fed.R.Civ. P.56(c).

7.   Defendant's motion for summary judgment is knowingly made without benefit of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," sufficient to overcome Plaintiff's Verified Complaint See: Neal v. Kelley, 963 F. 2d 453 (D.C. Cir. 1992), or Plaintiff's Affidavit.



Based upon defendant's blanket admission of all material allegations in Plaintiff's Complaint: and upon defendant's mere allegations or denials" of Plaintiff's Complaint; and upon defendant's failure to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "Plaintiff is the sole party entitled to summary judgment.

Respectfully,

Dated: _____July 14._____, 2006

_____                    _____
Calvin Kim                                       Chun C. Kim

STATE OF HAWAII       }
CITY AND COUNTY OF HONOLULU } ss
Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Hawaii, personally appeared, Calvin Kim, Chun C. Kim known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Hawaii
**Marcy M. Arifuku**                           Page 3 of 3

My commission expires  FEB 1 5 2008

