UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CALVIN KIM,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-103 (RMC) |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Calvin Kim[1] filed a *pro se* Complaint against the United States, alleging that beginning with tax year 1999, the Internal Revenue Service ("IRS") "recklessly, intentionally, or by reason of negligence disregarded" various provisions of Title 26 of the U.S. Code in connection with the collection of federal tax. Compl. ¶¶ 1 & 7. This Complaint is among the scores of nearly identical *pro se* complaints filed in the U.S. District Court for the District of Columbia over the past year seeking a refund, damages, and injunctive relief against further collection of federal taxes. *See, e.g.*, *Gaines v. United States*, 424 F. Supp. 2d 219, 221 (D.D.C. 2006) (collecting cases); Def.'s Mem. in Supp. of Mot. to Dismiss at 2 n.1 (Government estimates more than 50 such complaints have been filed in this District). The Government now moves to dismiss the Complaint. The Court will grant the motion because: (1) Mr. Kim failed to exhaust his administrative remedies, a

---

[1] Although the Complaint also names Mr. Kim's wife, Chun Kim, as a plaintiff, she is not a party to this suit because she failed to sign the Complaint. *See* Fed. R. Civ. P. 11(a) (pleadings must be signed by the parties or their attorney).

prerequisite to a suit for damages for wrongful collection of taxes or for a tax refund; and (2) Mr. Kim's injunction claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

## I. LEGAL STANDARDS

The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, pursuant to Rule 12(b)(6).[2] Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the

---

[2] Def.'s Reply at 3 ("[A]ssuming arguendo, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiffs failed to assert that they complied with the administrative requirements necessary to obtain a refund or damages for wrongful collection.").

complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## II. DISCUSSION

### A. Damages Claims

Mr. Kim invokes the subject matter jurisdiction of the Court pursuant to 26 U.S.C. § 7433, which provides a cause of action for damages for certain violations of Title 26. Compl. ¶ 1. That statute provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in [26 U.S.C. §] 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). However, section 7433 also explicitly requires that administrative remedies be exhausted as a predicate to suit: "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* § 7433(d)(1). The IRS, in turn, has promulgated regulations that mandate that damages actions under § 7433 "may not be maintained unless the taxpayer has filed an administrative claim." 26 C.F.R. § 301.7433-1(a). Administrative claims must be submitted to the "Area Director, Attn: Compliance Technical Support Manager" and must include, *inter alia*, the grounds for the claim, a description of the injury incurred, including a dollar amount, and any substantiating documentation. *Id.* § 301.7433-1(e)(2). Until the IRS rules on a properly filed claim, or six months pass without a ruling, no civil action for damages will lie. *Id.*

§ 301.7433-1(d); *see also Gaines*, 424 F. Supp. 2d at 221-22 (describing statutory and regulatory scheme); *Turner v. United States*, 429 F. Supp. 2d 149, 151 (D.D.C. 2006) (same).

There are no exceptions to the exhaustion requirement set forth in section 7433. *Id.* at 152. In *Turner*, the taxpayer did not contest that he had failed to exhaust his administrative remedies, but instead argued that it would be futile to make the attempt because the administrative remedies were allegedly unavailable or inadequate. The court found this argument unavailing because "when exhaustion is mandated by statute, courts are not free to carve out exceptions that are not supported by the text." *Id.*; *accord Lindsey v. U.S.*, No. 05-1761, 2006 U.S. Dist. LEXIS 58657, at *35 (D.D.C. Aug. 22, 2006); *see also Jaeger v. United States*, No. 06-625, 2006 WL 1518938 (D.D.C. May 26, 2006) (where a taxpayer failed to state any basis for his claim of exhaustion in his boilerplate complaint or in response to the court's order to show cause, there was no dispute that the plaintiff failed to exhaust and the case was dismissed).

The Government alleges in its motion to dismiss that Mr. Kim failed to exhaust his administrative remedies. The boilerplate Complaint alleges in conclusory fashion that Mr. Kim has satisfied the exhaustion requirement. *See* Compl. ¶ 6 ("Plaintiff has exhausted all administrative remedies . . . ."); *id.* ¶ 24 ("Administrative claims which plaintiff filed with the [IRS] and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies . . . ."); *id.* ¶ 16 (alleging that plaintiff has exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the defendant). However, Mr. Kim provides no specific information in his response to the motion to dismiss or any other pleading regarding the dates or contents of these alleged administrative claims. Mr. Kim concedes that he failed to exhaust his administrative remedies, as he did not contest this issue in his response to the

motion to dismiss. "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). Accordingly, there is no dispute that Mr. Kim failed to exhaust his administrative remedies, a mandatory prerequisite to suit. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss the claim for damages under section 7433 without prejudice.³

### B. Refund Claims

Mr. Kim also seeks a tax refund pursuant to 28 U.S.C. § 2846, which vests jurisdiction in the district courts over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 2846(a)(1); *U.S. v. Dalm*, 494 U.S. 596, 602 (1990). The right to bring such an action, however, is limited by 26 U.S.C. § 7422, which requires the exhaustion of administrative remedies as follows:

---

³ In addition to arguing that Mr. Kim failed to state a claim upon which relief may be granted, the Government also contends that failure to exhaust remedies under section 7433 is a jurisdictional defect, which requires the Court to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See* Mot. to Dismiss at 8-10 (relying on *McGuirl v. U.S.*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004)). This Court agrees with the court in *Turner*, 429 F. Supp. 2d 149, which held that exhaustion under section 7433 is nonjurisdictional because Congress did not expressly designate exhaustion under this statute as jurisdictional. *See Turner*, 429 F. Supp. 2d at 154. "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id*. (quoting *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006)).

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). The Supreme Court has described this requirement as one of administrative exhaustion. *U.S. v. Williams*, 514 U.S. 527, 532-33 (1995) ("Under 26 U.S.C. § 7422, a party may not bring a refund action without first exhausting administrative remedies . . . .").

The exhaustion requirement in 26 U.S.C. § 7422 is jurisdictional, based on the plain language of the statute. *Lindsey*, 2006 U.S. Dist. LEXIS 58657, at *37 (citing *Arbaugh*, 126 S. Ct. at 1245 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed.")). "By its plain terms, the provision precludes a civil action from proceeding in federal court before the plaintiff files a refund claim with the Secretary of the Treasury and complies with the administrative procedures adopted by the Secretary." *Lindsey*, 2006 U.S. Dist. LEXIS 58657, at *37.

Again, the form Complaint asserts only in the most conclusory fashion that Mr. Kim has satisfied the exhaustion requirement. S*ee* Compl. ¶¶ 6, 16, 24. In response to the motion to dismiss, Mr. Kim does not contest that he failed to exhaust his administrative remedies. He provides no specific information in any pleading regarding the dates or contents of these alleged administrative claims for a refund. Moreover, a suit for refund of taxes may not be maintained in any court unless a claim for refund has been filed, *Dalm*, 494 U.S. at 602, and the taxpayer has fully paid the tax assessment, *Flora v. United States*, 362 U.S. 145, 177 (1960). Mr. Kim seeks an

injunction to prevent the IRS from collecting taxes due. This implies that Mr. Kim in fact has not fully paid the tax assessments. Since he has not fully paid, he may not maintain a suit for a refund. *See id.* Thus, this Court does not have jurisdiction over Mr. Kim's refund claim, and the refund claim will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### C. Claim for Injunctive Relief

Mr. Kim also seeks an order "enjoining the [IRS] . . . from engaging in any further collection activity . . . until all claims are fully resolved and the return of all sums wrongfully collected" occurs. Compl. ¶ 21. This request is barred by the Anti-Injunction Act ("AIA"), which provides:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a); *see also Hibbs v. Winn*, 542 U.S. 88, 102-03 (2004). The AIA serves two purposes. "It responds to the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference; and it require[s] that the legal right to the disputed sums be determined in a suit for refund." *Id.* at 103 (citations and internal quotations deleted).

A district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Anti-Injunction Act." *Gardner v. U.S.*, 211 F.3d 1305, 1311 (D.C. Cir. 2000). Although the Act contains a number of statutory exceptions, none of those exceptions is relied upon by Mr. Kim. *Compare* 26 U.S.C. § 7421(a) (listing exceptions) *with* Compl. ¶ 7 (alleging numerous violations, none of which falls within the § 7421(a) exceptions). In

addition to the statutory exceptions, the Supreme Court has recognized two judicial exceptions to the AIA: when the plaintiff has no "alternative legal way to challenge the validity of a tax," *South Carolina v. Regan*, 465 U.S. 367, 373 (1984), and when "it is clear that under no circumstances could the Government ultimately prevail, . . . and . . . equity jurisdiction otherwise exists," *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962); *see also Nat'l Taxpayers Union v. U.S.*, 68 F.3d 1428, 1436 (D.C. Cir. 1995) (quoting *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) ("The basic doctrine of equity jurisprudence [is] that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.")). Mr. Kim has invoked neither exception, nor could he successfully do so. He is ineligible for the *South Carolina* exception because, as noted earlier, he can challenge the validity of the tax assessments by filing a refund claim. *See South Carolina*, 465 U.S. at 374-76. The *Williams Packing* exception is unavailable for much the same reason — Mr. Kim has an adequate legal remedy, in the form of a refund claim, to challenge any improper collection of taxes.[4]

Accordingly, the Court will deny Mr. Kim's request for an injunction.

---

[4] Mr. Kim has not shown that he will suffer irreparable harm if required to pay taxes in full before claiming a refund, *see Nat'l Taxpayers Union*, 68 F.3d at 1436, and he has failed to demonstrate that the Government could under no circumstances prevail here — for example, by adducing facts suggesting that the IRS has flouted the tax code or imposed taxes with no basis in fact. *See Williams Packing*, 370 U.S. at 7; *Investment Annuity v. Blumenthal*, 609 F.2d 1, 5 (D.C. Cir. 1979) (placing this burden on the plaintiff).

### III. CONCLUSION

For the foregoing reasons,[5] the Court will grant the Government's motion to dismiss [Dkt. #3] and will deny all other pending motions as moot.

A separate order accompanies this Memorandum Opinion.


Date: November 14, 2006                                     /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge

---

[5] The Government also moved to dismiss due to improper service because the Attorney General was served by Federal Express and not by certified or registered mail as required by Fed. R. Civ. P. 4(i). Mr. Kim indicated that he would remedy this error. Pl.'s Resp. at 3. However, because the Court's docket does not reflect that Mr. Kim ever properly served the Attorney General, the Complaint could also be dismissed on this ground.